UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON RAY MANESS, ) | 1:09-cv-01935 LJO MJS HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING RESPONDENT'S MOTION |
| ) | TO DISMISS |
| ) | |
| JAMES D. HARTLEY, ) | [Doc. 11] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Amy Daniel, Esq., of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Shasta, following a jury verdict finding Petitioner guilty of second degree murder. (Pet. at 1, ECF No. 1.) Petitioner was sentenced to serve a term of 20 years to life in state prison on November 10, 1994. (Id.) On September 27, 2006, the Board of Parole Hearings ("Board") found that Petitioner was not suitable for parole. (Id.)

Starting in March 2007, Petitioner filed in the state courts three post-conviction collateral challenges to the Board hearing, all petitions for writ of habeas corpus, as follows:

1. <u>Shasta County Superior Court</u>
   Filed: March 2, 2007[1];
   Denied: April 20, 2007;

2. <u>California Court of Appeals, Third Appellate District</u>
   Filed: June 28, 2007[2];
   Denied: August 17, 2007;

3. <u>California Supreme Court</u>
   Filed: May 27, 2009[3];
   Denied: October 22, 2009;

<u>See</u> Mot. to Dismiss, Exs. 1-6, ECF Nos. 11-1 to 11-6.

On November 2, 2009[4], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On July 15, 2010, Respondent filed a motion to dismiss the petition for having been filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Over thirty days have passed, and Petitioner has not filed an opposition to the motion.

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

---

[1] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston</u>, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. <u>See also</u> Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on March 7, 2007, pursuant to the mailbox rule the Court considers the petition filed on March 2, 2007, the date Petitioner signed the petition.

[2] Petitioner failed to date his petition to his California appellate court petition. As it is not possible to determine the date of mailing, Petitioner cannot benefit from the mailbox rule. Furthermore, any benefit from the earlier filing of this application does not impact ultimate finding of this Court.

[3] Although the petition was filed on June 1, 2009, pursuant to the mailbox rule the Court considers the petition filed on May 27, 2009, the date Petitioner signed the petition.

[4] Although the petition was filed on November 4, 2009, under the mailbox rule the Court will consider the petition filed on November 2, 2009, the date Petitioner signed the petition.

U.S. District Court
E. D. California
-2-

Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 2, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the decision of the Board denying Petitioner parole became final on January 25, 2007. (Mot. to Dismiss, Ex. 5, p. 63.) The AEDPA statute of limitations began to run the following day, on January 26, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from January 26, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until November 2, 2009, over one year and nine months after the statute of limitations period expired. Absent the later commencement of the statute of limitations ory applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that his petition is not barred by the statute of limitations.

**C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id.</u>

As stated above, the statute of limitations period began on January 26, 2007. Petitioner filed his first state habeas petition on March 2, 2007, in the Shasta County Superior Court. At that point, 35 days of the limitations period had elapsed. Assuming the petition was properly filed, the statute of limitations is tolled for the time this petition was pending. The petition was denied on April 20, 2007. Petitioner next filed a state habeas petition in the California Court of Appeal, Third Appellate District on June 28, 2007, which was denied on August 17, 2007. It is not disputed that the statute of limitations was tolled during the period in which Petitioner filed these two petitions.

However, Petitioner then delayed in filing a state habeas petition in the California Supreme Court until May 27, 2009, over one year and nine months after his petition to the California appellate court was denied. Petitioner's one year and nine month delay in filing his petition to the California Supreme Court is unreasonable. <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1166 (9th Cir. 2006) ("The Supreme Court in <u>Chavis</u> held that, absent a clear indication to the contrary by the California legislature or a California court, an unexplained and unjustified gap between filings of six months was "unreasonable".) Petitioner is not afforded tolling for that period. Furthermore the California Supreme Court cited to <u>In re Robbins</u> 18 Cal.4th 770, 780 (1998), and <u>In re Clark</u> 5 Cal.4th 750 (1993), indicating that the petition filed with the California

1  Supreme Court was untimely. As this petition was not timely filed, Petitioner is not entitled to
2  tolling during its pendency. <u>Pace</u>, 544 U.S. at 414. Accordingly, the statute of limitations period
3  was only tolled during the filing of Petitioner's superior court and appellate court petitions.

4  As 35 days had expired prior to Petitioner filing his first round of state habeas petitions,
5  330 days of the limitations period remained as of August 17, 2007, the date the appellate court
6  petition was denied.  Accordingly, the limitations period expired on July 2, 2008. The present
7  petition was filed on November 2, 2009, one year and five months after the expiration of the
8  year statute of limitations period including applicable tolling.  Accordingly, the instant federal
9  petition is barred by the statute of limitations.

10  **C.    Equitable Tolling**

11  The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)
12  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
13  stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Irwin v.
14  Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163
15  F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th
16  Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>,
17  544 U.S. at 418; <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not
18  presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to
19  the benefit of equitable tolling and his petition remains untimely.

20  **III.    CONCLUSION**

21  As explained, Petitioner failed to file the instant petition for Habeas Corpus within the
22  one year lamination period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to the
23  benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not
24  excused from timely filing due to equitable tolling. Accordingly, the petition was not timely filed
25  and must be dismissed.

26  **IV.    RECOMMENDATION**

27  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
28  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's

1  failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

2        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 Dated:  September 8, 2010      /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE